**ALAN D. FREER, ESQ.**
Nevada State Bar No. 0418
E-mail: afreer@sdfnvlaw.com
**ROBERT D. SIMPSON, ESQ.**
Nevada State Bar No. 10990
E-Mail: rsimpson@sdfnvlaw.com
SOLOMON DWIGGINS & FREER, LTD.
9060 West Cheyenne Avenue
Las Vegas, Nevada 89129
Telephone: (702) 853-5483
Facsimile: (702) 853-5485

*Attorneys for Defendants PAMELA FOCAZIO,*
*Trustee, MONICA MORO and ANDREW ZENI*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, a New York Mutual insurance company, | ) Case No.:    2:12-CV-00753-GMN-GWF ) ) ) |
| Plaintiff, | ) ) **STIPULATION AND ORDER** |
| Vs. | ) ) |
| DONALD ZENI SUPPLEMENTAL NEEDS TRUST AND PAMELA FOCAZIO, TRUSTEE OF DONALD ZENI SUPPLEMENTAL NEEDS TRUST; ANDREW M. ZENI, an individual; MONICA MORO, an individual; and SHARON K. ZENI, an individual, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) |

The parties in this matter, Pamela Focazio, as trustee of the Zeni Supplemental Needs Trust, Andrew M. Zeni, Monica Moro and Sharon Zeni, hereby stipulate through their respective Counsel as follows:

SOLOMON DWIGGINS & FREER, LTD. 9060 West Cheyenne Las Vegas, NV 89129 TEL: (702) 853-5483 FAX: (702) 853-5485

1.      It is agreed by and between the Parties' respective claims and defenses raised in (1) Pamela Focazio, as trustee of the Zeni Supplemental Needs Trust, Andrew M. Zeni, Monica Moro's Answer to Complaint in Interpleader and Cross-Claim Against Sharon Zeni filed June 1, 2012, and (2) Sharon K. Zeni's Answer to Complaint in Interpleader filed June 4, 2012, shall be, and hereby are, withdrawn and dismissed with prejudice.

2.      That certain Agreement and Mutual Release entered into by the Parties, dated August 23rd, 2012 (a true copy of which is attached hereto as Exhibit A), should be approved by the above-entitled Court.

///
///
///
///
///
///
///
///
///
///
///
///
///

SOLOMON
DWIGGINS
& FREER,
LTD.
9060 West
Cheyenne
Las Vegas, NV
89129
TEL: (702)
853-5483
FAX: (702)
853-5485

2

3.      The Order of the Court appearing below in the within "Stipulation and Order" shall, upon being signed by the District Court Judge and filed with the District Court Clerk, constitute and operate as the Order approving the terms thereof in the Federal District Court in and for the State of Nevada, and authorizing and directing all actions necessary to effectuate the same.

Submitted By:                                             Approved as to form and content By:

SOLOMON DWIGGINS & FREER, LTD.                           LAW PRACTICE, LTD.

_____                              _____
ALAN D. FREER, ESQ.                                      ANN E. KOLBER, ESQ.
ROBERT D. SIMPSON, ESQ.                                  5516 S. Fort Apache Road, #110
9060 W Cheyenne Avenue                                   Las Vegas, Nevada 89148
Las Vegas, Nevada 89129                                  *Attorney for Sharon K. Zeni*
*Attorneys for Defendants PAMELA FOCAZIO,*
*MONICA MORO and ANDREW ZENI*

## **ORDER**

**IT IS SO ORDERED** this 19th day of September, 2012.

_____
Gloria M. Navarro
United States District Judge

Respectfully Submitted By:

SOLOMON DWIGGINS & FREER, LTD.

_____
ALAN D. FREER, ESQ.
ROBERT D. SIMPSON, ESQ.
9060 W Cheyenne Avenue
Las Vegas, Nevada 89129
*Attorneys for Defendants PAMELA FOCAZIO,*
*MONICA MORO and ANDREW ZENI*

SOLOMON
DWIGGINS
& FREER,
LTD.
9060 West
Cheyenne
Las Vegas, NV
89129
TEL: (702)
853-5483
FAX: (702)
853-5485

## AGREEMENT AND MUTUAL RELEASE

This Agreement and Mutual Release ("Agreement") is entered into as of the 23rd day of August, 2012, by and among Pamela Focazio, as trustee of the Zeni Supplemental Needs Trust, Andrew M. Zeni, Monica Moro and Sharon K. Zeni (collectively referred to as "Party" or "Parties"), and in consideration of the mutual covenants, assurances, promises, and warranties set forth in this Agreement, and other valuable consideration, the Parties agree as follows:

### RECITALS

WHEREAS Andrew Zeni and Monica Moro are children of Donald Zeni ("Decedent"), Sharon K. Zeni was the wife of Decedent, and Pamela Focazio is the trustee of the Zeni Supplemental Needs Trust, which the Decedent created for the supplemental benefit of his child Robin Zeni;

WHEREAS Decedent died on October 13, 2011;

WHEREAS Decedent owned three life insurance policies at his death administered by the Guardian Life Insurance Company of America: Policy #2640614 ($82,253); Policy #2751979 ($56,482.10); Policy #3249736 ($58,758.57) (collectively referred to as "Policies");

WHEREAS on June 9, 2010, Decedent filed a Complaint for divorce against Sharon Zeni, and said divorce was ongoing at the time of Decedent's death;

WHEREAS on January 13, 2011, Decedent submitted a change of beneficiary form for the Policies naming the primary beneficiaries as Andrew M. Zeni, Monica Moro and Pamela Focazio, as trustee of the Zeni Supplemental Needs Trust;

WHEREAS after Decedent's death, the Parties submitted claims to the Guardian Life Insurance Company of America to receive proceeds from the Policies;

WHEREAS on May 4, 2012, the Guardian Life Insurance Company of America filed its Complaint in Interpleader in the United States District court for the District of Nevada, case no. 2:12-cv-00753-GMN –GWF ("Interpleader Litigation"), requesting permission to interplead the benefits payable from the Policies;

WHEREAS Pamela Focazio, as trustee of the Zeni Supplemental Needs Trust, Andrew M. Zeni, Monica Moro, on June 1, 2012, and Sharon K. Zeni, on June 4, 2012, filed answers to the Complaint in Interpleader wherein they respectfully claim the rights to the proceeds of the Policies;

WHEREAS disputes have arising between Pamela Focazio, as trustee of the Zeni Supplemental Needs Trust, Andrew M. Zeni, Monica Moro and Sharon K. Zeni in the pending Interpleader Litigation concerning the Parties respective rights to the proceeds of the Policies, including the enforceability of the change of beneficiary form submitted by Decedent on January

13, 2011, and the Parties hereto desire to settle and fully resolve and dismiss the Interpleader Litigation and other matters;

WHEREAS in order to avoid future delays, expenses and risks associated therewith, the Parties now wish to compromise and settle all claims and issues arising from, or related to, the Interpleader Litigation and the Policies ("Settled Matters");

NOW, THEREFORE, in consideration of the mutual promises and terms contained herein, it is hereby agreed:

## AGREEMENT

### SECTION ONE
### Valid Change of Beneficiary

1.1     The Parties agree that the change of beneficiary form for the Policies naming the primary beneficiaries as Andrew M. Zeni, Monica Moro and Pamela Focazio, as trustee of the Zeni Supplemental Needs Trust (collectively referred to hereinafter as the "Policy Beneficiaries") executed January 13, 2011, by the Decedent is valid and is the controlling instrument governing distribution of the proceeds under the Policies.

### SECTION TWO
### Payment to Sharon Zeni

2.1     In consideration of full and final satisfaction of any and all claims and/or defenses Sharon Zeni may have in the Settled Matters, and the release provided in Section 4.1 of this Agreement, the Policy Beneficiaries shall make payment to Sharon Zeni in the amount of $50,000 within ten (10) business days following the full payment of the proceeds from the Policies to the Policy Beneficiaries. Such payment shall be made to the LAW PRACTICE, LTD. Client Trust Account and delivered to Anne E. Kolber, Esq. at 5516 S. Fort Apache Road, #110, Las Vegas, Nevada 89148.

2.2     The Policy Beneficiaries are entitled to the entire balance of the proceeds payable from these Policies paid to their counsel, SOLOMON DWIGGINS & FREER, LTD. Client Trust Account and delivered to Alan D. Freer, Esq., at 9060 West Cheyenne Avenue, Las Vegas, Nevada 89129.   $50,000 of such proceeds shall be subsequently delivered to the LAW PRACTICE, LTD. Client Trust Account and Ann E. Kolber, Esq. at 5516 S. Fort Apache Road, #110, Las Vegas, Nevada 89148, as set forth in Section 2.1 of this Agreement.

### SECTION THREE
### Dismissal of the Interpleader Litigation

3.1     Upon the execution of this Agreement, the Parties shall enter into the stipulation and order dismissing all of their claims and defenses in the Interpleader Litigation in the form attached as Exhibit 1, which shall be submitted to the Federal District Court as provided in Section 5 of this Agreement.

## SECTION FOUR
### General Releases

4.1     Sharon Zeni hereby forever releases and discharges the Policy Beneficiaries, and/or their present subsidiary corporations, parent corporations, affiliates, partners, joint venturers, successors, predecessors, assignors, assigns, contractors, subcontractors, managers, trustees, officers, directors, shareholders, employees, agents, attorneys, accountants and insurers (in their individual and representative capacities), from any and all claims, demands, losses, damages, actions, causes of action, suits, debts, promises, liabilities, obligations, liens, costs, expenses, attorney's fees, indemnities, subrogations (contractual or equitable) or duties, of any nature, character or description whatsoever, whether known or unknown, fixed or contingent, accrued or not yet accrued, matured or not yet matured, anticipated or unanticipated, asserted or unasserted as of the date of this Agreement arising from, or relating to, directly or indirectly, the Settled Matters.

4.2     The Policy Beneficiaries hereby forever release and discharge Sharon Zeni, and/or her present subsidiary corporations, parent corporations, affiliates, partners, joint venturers, successors, predecessors, assignors, assigns, contractors, subcontractors, managers, trustees, officers, directors, shareholders, employees, agents, attorneys, accountants and insurers (in their individual and representative capacities), from any and all claims, demands, losses, damages, actions, causes of action, suits, debts, promises, liabilities, obligations, liens, costs, expenses, attorney's fees, indemnities, subrogations (contractual or equitable) or duties, of any nature, character or description whatsoever, whether known or unknown, fixed or contingent, accrued or not yet accrued, matured or not yet matured, anticipated or unanticipated, asserted or unasserted as of the date of this Agreement arising from, or relating to, directly or indirectly, the Settled Matters.

4.3     The Parties hereby acknowledge that they may later discover material facts in addition to, or different from, those which they now know or believe to be true with respect to the Settled Matters. The Parties further acknowledge that there may be future events, circumstances or occurrences materially different from those they know or believe likely to occur. It is the Parties' intention to fully, finally and forever settle and release any and all claims, disputes and differences relating to the Settled Matters. The releases provided herein shall remain in full force and effect notwithstanding the discovery or existence of any such additional or different facts or occurrence of any such future events, circumstances or conditions.

4.4     The Parties hereby agree that the actions taken and releases granted as set forth in Section 4.1, Section 4.2 and Section 4.3 above represent the Parties' objectives universally and finally to settle and resolve all past and present controversies between the Parties by each Party's abandonment of all past and present claims which may exist as against any other party or parties. Except as otherwise set forth and settled pursuant to this Agreement, none of the Parties is asserting that any specific claims do exist, but the Parties desire to end all litigation and potential litigation by the execution and delivery of this Agreement.

## SECTION FIVE
### Agreement Contingent on Court Approval

5.1     The Parties' rights and obligations under this Agreement are conditioned upon and subject to the Federal District Court's approval of the Agreement executed by the Parties. A stipulation and order for approving the settlement in the form attached as **Exhibit 1** shall be prepared and filed by the Policy Beneficiaries within five (5) business days following the execution of this Agreement to be submitted to the Federal District Court. In the event the Court does not accept the stipulation and order, then the Policy Beneficiaries shall prepare a motion for approval of this Agreement to be heard in the normal course. In the event the Court does not accept the stipulation and order or a petition for approval of this Agreement, this Agreement shall become null and void and the parties' rights and obligations shall be returned to their status quo as of August 6, 2012.

5.2     Each Party further agrees to do any act or thing and execute any or all documents or instruments necessary or proper to effectuate the provisions and intent of this Agreement in good faith and in a timely fashion.

## SECTION SIX
### Binding Effect

This Agreement shall inure to the benefit of and be binding upon the Parties hereto and their respective heirs, successors, executors, administrators, personal representatives and assigns. Each party shall cooperate in good faith in performing all acts and executing all documents necessary to carry out the terms of this Agreement.

## SECTION SEVEN
### Authority to Execute

Each of the Parties to this Agreement represent and warrant that they have all requisite authority to execute and perform this Agreement.

## SECTION EIGHT
### Entire Agreement

This Agreement contains the entire agreement between the Parties and may not be altered, amended, modified, or otherwise changed except by a writing duly executed and authorized by the Parties after the date of this Agreement.

## SECTION NINE
### Attorney's Fees

9.1     Each party to this Agreement shall be responsible for bearing her or its own attorney's fees and costs.

9.2    In any action or proceeding to enforce the terms of this Agreement or to redress any violation of this Agreement, the prevailing party shall be entitled to recover as damages its attorney's fees and costs incurred, whether or not the action is reduced to judgment. For the purposes of this provision, the "prevailing party" shall be that party who has been successful with regard to the main issue, even if that party did not prevail on all the issues.

## SECTION TEN
### Governing Law and Forum

The laws of the State of Nevada applicable to contracts made or to be wholly performed there (without giving effect to choice of law or conflict of law principles) shall govern the validity, construction, performance and effect of this Agreement. Any lawsuit to interpret or enforce the terms of this Agreement shall be brought in a court of competent jurisdiction in Clark County, Nevada. All Parties to this Agreement shall be considered the drafters of the same, and no principle of law construing this Agreement against the drafter shall be applicable in any lawsuit arising out of the rights and obligations between the Parties.

## SECTION ELEVEN
### Counterparts

11.1    This Agreement may be executed in any number of counterparts, each of which when duly executed and delivered shall be an original, but all such counterparts shall constitute one and the same agreement.

11.2    Any signature page of this Agreement may be detached from any counterpart without impairing the legal effect of any signatures, and may be attached to another counterpart, identical in form, but having attached to it one or more additional signature pages. This Agreement may be executed by signatures provided by electronic facsimile transmission (also known as "fax" copies), which facsimile signatures shall be as binding and effective as original signatures.

## SECTION TWELVE
### Agreement Not An Admission

This Agreement is entered into by the Parties solely for the purpose of compromising and settling the matters in dispute that are described herein. This Agreement does not constitute, nor shall it be construed to constitute, an admission by any Party of the truth or validity of the allegations, claims, counterclaims or defenses asserted herein.

## SECTION THIRTEEN
### Legal Representation

13.1    Each Party has received, or has had an opportunity to receive, independent legal advice from their attorneys with respect to the advisability of entering into this settlement, and with respect to the advisability of executing this Agreement.

13.2   No Party, nor officer, agent, partner, employee, representative, trustee or attorney of or for any party, has made any statement or representation to any other party regarding any fact relied upon in entering into this Agreement.  Each Party does not rely upon any statement, representation or promise of any other party, or any officer, agent, partner, employee, representative, trustee or attorney for any other party, in executing this Agreement, or in making the settlement provided for herein, except as expressly stated in this Agreement.

13.3   Each Party to this Agreement has made such investigation of all the facts pertaining to this settlement and this Agreement, and of all the matters pertaining thereto, as it deems necessary.

By: _See next page._____
Pamela Focazio, as trustee of the Zeni Supplemental Needs Trust

By: _____
Andrew M. Zeni

By: _____
Monica Moro

By: _Sharon K. Zeni_____
Sharon K. Zeni

Approved as to form and content:

By: _____
Alan Freer, Esq., counsel for Pamela Focazio, as trustee of the
Zeni Supplemental Needs Trust, Andrew M. Zeni, Monica Moro

By: _____
Ann Kolber, Esq., counsel for Sharon Zeni

13.2    No Party, nor officer, agent, partner, employee, representative, trustee or attorney of or for any party, has made any statement or representation to any other party regarding any fact relied upon in entering into this Agreement.  Each Party does not rely upon any statement, representation or promise of any other party, or any officer, agent, partner, employee, representative, trustee or attorney for any other party, in executing this Agreement, or in making the settlement provided for herein, except as expressly stated in this Agreement.

13.3    Each Party to this Agreement has made such investigation of all the facts pertaining to this settlement and this Agreement, and of all the matters pertaining thereto, as it deems necessary.

By: _____
Pamela Focazio, as trustee of the Zeni Supplemental Needs Trust


By: _____
Andrew M. Zeni


By: _____
Monica Moro


By: _____
Sharon K. Zeni


Approved as to form and content:


By: _____
Alan Freer, Esq., counsel for Pamela Focazio, as trustee of the
Zeni Supplemental Needs Trust, Andrew M. Zeni, Monica Moro


By: _____
Ann Kobler, Esq., counsel for Sharon Zeni

13.2    No Party, nor officer, agent, partner, employee, representative, trustee or attorney of or for any party, has made any statement or representation to any other party regarding any fact relied upon in entering into this Agreement.  Each Party does not rely upon any statement, representation or promise of any other party, or any officer, agent, partner, employee, representative, trustee or attorney for any other party, in executing this Agreement, or in making the settlement provided for herein, except as expressly stated in this Agreement.

13.3    Each Party to this Agreement has made such investigation of all the facts pertaining to this settlement and this Agreement, and of all the matters pertaining thereto, as it deems necessary.


By: _____
Pamela Focazio, as trustee of the Zeni Supplemental Needs Trust


By: _____
Andrew M. Zeni


By: _____
Monica Moro


By: _____
Sharon K. Zeni


Approved as to form and content:


By: _____
Alan Freer, Esq., counsel for Pamela Focazio, as trustee of the
Zeni Supplemental Needs Trust, Andrew M. Zeni, Monica Moro


By: _____
Ann Kobler, Esq., counsel for Sharon Zeni

13.2    No Party, nor officer, agent, partner, employee, representative, trustee or attorney of or for any party, has made any statement or representation to any other party regarding any fact relied upon in entering into this Agreement. Each Party does not rely upon any statement, representation or promise of any other party, or any officer, agent, partner, employee, representative, trustee or attorney for any other party, in executing this Agreement, or in making the settlement provided for herein, except as expressly stated in this Agreement.

13.3    Each Party to this Agreement has made such investigation of all the facts pertaining to this settlement and this Agreement, and of all the matters pertaining thereto, as it deems necessary.


By: _____
Pamela Focazio, as trustee of the Zeni Supplemental Needs Trust


By: _____
Andrew M. Zeni


By: _____
Monica Moro


By: _____
Sharon K. Zeni


Approved as to form and content:


By: _____
Alan Freer, Esq., counsel for Pamela Focazio, as trustee of the
Zeni Supplemental Needs Trust, Andrew M. Zeni, Monica Moro


By: _____
Ann Kobler, Esq., counsel for Sharon Zeni